THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE M. MINER,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br><br>   Defendant. | CASE NO. C11-1799-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Anne Miner's Objections to the Magistrate's Report and Recommendations. (Dkt. No. 18.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections, and ADOPTS the Magistrate's Report and Recommendation (Dkt. No. 17) for the reasons explained herein.

I.     BACKGROUND

Plaintiff Anne Miner seeks review of a final administrative decision denying her application for Social Security Disability benefits. Specifically at issue was whether Miner's substance abuse was a contributing factor material to the determination that her mental impairments are disabling and would prevent her from working if she stopped drinking alcohol. Miner has objected to the Magistrate's finding that the Appeals Council did not err in disregarding the opinions of Christopher T. Portman, Ph.D., and that the Administrative Law

Judge ("ALJ") did not err in disregarding the opinions of Ann Beck, M.S.W.

## II.     DISCUSSION

### A.     Standard of Review

A district court reviews de novo the parts of a Magistrate's report to which any party objects. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. The Court reviews the administrative record underlying the Magistrate's report and will only reverse the ALJ's conclusions if they rest on errors of law or are not supported by substantial evidence. *See Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). This standard is extremely deferential to the finder of fact: even if the evidence suggests more than one rational interpretation, the ALJ's findings must be affirmed. *Id.*; *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010). This analysis is tailored to each case and requires a review of the whole record. *Kyung Park v. Holder*, 572 F.3d 619, 624 (9th Cir. 2009).

Miner objects to the Magistrate's conclusion that the Appeals Council and the ALJ did not err in disregarding Portman's and Beck's opinions respectively, and argues that the ALJ did not sufficiently articulate her reasons for disregarding this evidence.

### B.     The Appeals Council Did Not Err in Disregarding Dr. Portman's Opinions

As a psychologist, Dr. Portman's opinions are treated as "acceptable medical sources" of evidence. *Lester v. Chater*, 81 F.3d 821, 830 n.7 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1513(a) (defining medical sources as including licensed physicians and psychologists). Miner submitted Portman's opinions to the Appeals Council following the ALJ's adverse decision. The Appeals Council need not make a particular evidentiary finding when rejecting post-hearing evidence and may properly disregard a medical opinion that is brief and conclusory, that is not supported by clinical findings, or that contradicts the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996); *see also Bates*

*v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), *overruled on other grounds*, *Bunnell v. Sullivan*, 947 F.2 341, 342 (9th Cir. 1991) (en banc); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

A claimant of Social Security Disability benefits is not entitled to benefits if the claimant's substance abuse is a "contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). When the ALJ finds both that a claimant is disabled and that there is medical evidence of alcoholism, it must determine whether the claimant would still be disabled if she stopped using alcohol. *See* 20 C.F.R. § 404.1535. If the ALJ determines that the claimant's remaining limitations would not be disabling, then it will find that drug or alcohol addiction is a contributing factor material to the determination of disability and will deny benefits.

In his evaluation of Miner, Dr. Portman stated that Miner's ability to work would remain impaired even if Miner abstained from alcohol. Dr. Portman explained, without elaboration, that this was because Miner "suffers from depressive illness." (Administrative Record ("AR") at 783.) Miner argues that the Appeals Council erred in disregarding this information because Dr. Portman's opinion is substantial evidence that "detracts from the Commissioner's determination that Plaintiff's depression and anxiety would not be 'severe' impairments absent consideration of the Plaintiff's alcohol abuse." (Pls. Obj. to R&R 3 (Dkt. No. 18).)

Portman's opinion certainly detracts from other evidence in that it points toward the conclusion that Miner's mental impairments might remain severe even absent her substance abuse. However, the Appeals Council's decision to disregard Dr. Portman's opinions rests on substantial evidence because the opinions are not consistent with independent clinical findings in the record. *See Thomas*, 278 F.3d at 957.

In her administrative decision, the ALJ found that if Miner stopped substance abuse, her remaining mental limitations would be mild. (*See* AR at 15–17.) The ALJ described in detail the evidence she relied on in making this assessment, much of which belies Dr. Portman's opinions.

(*Id.*) The ALJ described evidence suggesting that Miner did housework, painted, cared for her pets, went grocery shopping, cooked, regularly attended church, used public transportation, and had relatively little trouble interacting with others. (*Id.*)

Moreover, in an earlier evaluation of Miner conducted in November 2007, Dr. Portman responded to a question about the degree of limitation that Miner's conditions would impose on her ability to perform on a normal, day-to-day work basis. (AR at 235.) Under the heading "degree of limitation," Dr. Portman checked boxes for "none" and explained that there was no identified cognitive impairment in Miner at that time. (*Id.*) This illustrates that independent clinical findings in the record do not support Dr. Portman's opinions that were submitted to the Appeals Council. Therefore, the Appeals Council did not err in disregarding opinions that lacked substantial corroborating evidence.

In reviewing the underlying evidence de novo, the Court also finds that psychiatric treatment records from the Whatcom Counseling and Psychiatric Clinic in 2009 are particularly instructive, and further support the Appeals Council's determination. In early 2009, Miner was evaluated after a three to five-month period where she abstained from alcohol. (*See* AR at 647, 652–53.) Though she apparently began drinking again shortly thereafter, (*id.* at 663), analyzing Miner's health records during this window of sobriety gives important clues about her ability to function when she is not drinking.

To determine whether the claimant's limitations would still be disabling if she stopped substance abuse, the ALJ applies the disabling limitation analysis in Appendix 1 of 20 C.F.R. Part 404, Subpart P. This appendix contains headings for different categories of disability and lists three sets of criteria under each heading, known as A, B, and C criteria respectively. To qualify as disabled, Miner must satisfy the A criteria and either of the B or C criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

The A criteria are satisfied because Miner experienced episodic symptoms of anhedonia, decreased energy, disturbed sleep, difficulty with concentration, and feelings of helplessness and

low self esteem. (*See* AR at 647.)  To satisfy the B criteria, a claimant must exhibit at least two of the following: marked restriction in activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation (temporarily worsening symptoms). 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(B).

During this several-month window of sobriety, the evaluating clinician, Karen LaHatt, examined Miner's functioning in life domains. (*See* AR at 653.) First, in assessing Miner's activities of daily living, LaHatt checked a box indicating that Miner's daily activities are impaired by mental health issues, and stated, without elaboration, that Miner faced a "lack of available activities." However, Miner's sleep and appetite were "just fine," and she had no current issues with using public transportation. (*Id.*)

The second area of B criteria is social functioning. LaHatt's assessment of Miner's social life as "not so good" suggests only mild impairment in maintaining social functioning, as do LaHatt's notes suggesting that Miner's relationship with her five brothers is "mixed—good/bad, close at times." (*See id.*; *id.* at 650.)

The third functional area of B criteria is difficulties maintaining concentration, persistence, or pace. To reiterate, Miner had been sober for several months when this evaluation took place. Although her recent memory was somewhat limited and her mood depressed, the evaluation suggests that Miner's thought process, orientation, perceptual process, speech, behavior, and insight were age and culture appropriate. (*Id.* at 654.) Again, this suggests that Miner experienced only mild impairment after she stopped drinking for three to five months.

Finally, because Miner's substance abuse aggravates her mental health issues, she would experience no episodes of decompensation, if she maintained her sobriety.

This, along with the evidence that the ALJ cited in her administrative decision, supports the conclusion that Miner's impairments would likely improve significantly if she maintained her sobriety, and that, while she may still face significant challenges, her remaining mental issues

ORDER
PAGE - 5

would not severely impair her ability to work. Dr. Portman's opinions are thus not supported by other clinical findings or evidence in the record. Therefore, the Appeals Council did not err in disregarding Dr. Portman's opinions that were submitted after the administrative hearing.

### C. Substantial Evidence Supports the ALJ's Decision to Disregard Ms. Beck's Opinions

As a social worker, Ms. Beck's opinions are considered "other sources" of evidence, rather than medical sources. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010); *see also* 20 C.F.R. § 404.1513(d)(3) (defining public and private social welfare agency workers as "other sources" of evidence). The ALJ may disregard opinions from these sources if it provides "reasons that are germane to each witness," and may discount lay opinions that conflict with medical evidence. *Turner*, 613 F.3d at 1224; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

In her evaluation of Miner, Ann Beck, M.S.W., stated that "the client would definitely improve with alcohol . . . treatment—however her mental health is still a significant issue." (AR at 637.) She also stated that "client has been without alcohol for a few weeks and still shows strong signs of mental health concerns—60 days abstinence would help, but not fix entire problem." (*Id.*) Miner argues that the ALJ did not provide sufficient reasons for disregarding Ms. Beck's opinions, and that the ALJ applied an improper legal standard by finding that Miner would function "adequately" absent substance abuse, because "adequate" is not a term used to measure a claimant's functions for the purpose of the disability listing analysis in Appendix 1 of 20 C.F.R. Part 404, Subpart P.

The Court finds that the ALJ's decision to assign limited evidentiary weight to Ms. Beck's opinion was supported by substantial evidence and that the ALJ provided germane reasons for doing so.

First, Miner's assertion that the ALJ did not sufficiently outline her reasons for disregarding Ms. Beck's opinion is incorrect. In her administrative decision, the ALJ explained

ORDER
PAGE - 6

that she assigned "limited evidentiary weight" to Beck's evaluation. She then quoted the opinion of Dr. Margaret Jacobson, M.D., Miner's treating physician. Dr. Jacobson's assessment directly contradicts Ms. Beck's. The Ninth Circuit has established that a treating physician's opinions generally carry more weight than the opinions of other health professionals, because the treating physician has had more opportunity to "know and observe the patient as an individual." *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)); *Cardenas v. Astrue*, No. 1:10-cv-2417 LJO-BAM, 2012 WL 2317559, at *6 (E.D. Cal. June 18, 2012).

In this case, the administrative record shows that Dr. Jacobson has been Miner's primary care physician for several years and met with her numerous times. In contrast to Ms. Beck's findings, Dr. Jacobson noted in March 2007 that Miner's alcohol consumption is "fueling her depression and helplessness." (AR at 277.) In October 2008, Dr. Jacobson wrote that the "[s]ingle most important obstacle to getting any mental health treatment is [Miner's] drinking." (AR at 473.) Independent clinical evaluations also corroborate Dr. Jacobson's opinion and detract from Ms. Beck's. For example, in February 2010, clinician Marcia King wrote that Miner reported that her energy level had increased after she refrained from drinking for five days. (AR at 731). This evidence suggests that Miner's mental impairments would improve if she were to quit drinking.

Next, Miner argues that the ALJ applied an incorrect legal standard because she used the word "adequate" to describe Miner's level of functioning if she stopped drinking. This argument is unavailing. First, the ALJ's finding that "the evidence shows that [Miner] is capable of functioning adequately when she is not drinking," does not indicate that the ALJ was applying any particular legal standard. (AR at 21.) Instead, this is merely the ALJ's conclusion that the quality of Miner's functioning would be enough to allow her to work if she stopped drinking.

Finally, in reviewing the evidence de novo, the Court finds that a closer reading of Ms. Beck's opinion does not decisively support the conclusion that Miner's depression and anxiety

would still be disabling if she stopped drinking. While Ms. Beck's evaluation noted that Miner's mental health would still remain "a significant issue" even if she stopped drinking, the report goes on to say that "substance use makes the depression much deeper [and] more of a challenge. It also harms her relationships[,] really weakening her support system." (AR at 637–38.) In its totality, Ms. Beck's evaluation of Miner acknowledges that Miner's substance abuse contributes to her mental health issues, and it does not contradict other evidence in the record. Neither Dr. Jacobson nor the ALJ indicated that Miner would be *completely* free of mental health issues if she stopped drinking—only that, absent her alcohol abuse, these issues would not rise to a level that would prevent her from working and entitle her to disability benefits.

The Court is satisfied that the ALJ stated sufficiently germane reasons for disregarding Ms. Beck's opinion by citing other medical evidence that contradicted it. *See Lewis*, 236 F.3d at 511–12 (finding that the ALJ had stated sufficiently germane reasons for discounting family members' testimony where the ALJ cited to contradictory testimony at other points in the decision, even though the ALJ did not "clearly link" his decision to disregard the family testimony to that contradictory evidence).

For the foregoing reasons, the Court finds that the determinations of the ALJ and the Appeals Council on the issues to which Miner objected are supported by substantial evidence. Accordingly, the Court OVERRULES Miner's objections to the Magistrate's Report and Recommendation.

//
//
//
//
//
//
//

III.     CONCLUSION

For the foregoing reasons, Plaintiff's Objections to the Magistrate's Report and Recommendation (Dkt. No. 18) are OVERRULED, and the Court hereby ADOPTS the Report and Recommendation (Dkt. No 17). The final decision of the Commissioner is AFFIRMED, and this case is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 30th day of July 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE